# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# GREENEVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Case No. 2:20-CR-65 |
| | ) | JUDGE GREER |
| EMORY Q. JACKSON | ) | |

## UNITED STATES RESPONSE TO DEFENDANT'S MOTION TO COMPEL AND/OR ORDER FORENSIC TESTING

COMES NOW the United States of America, by and through J. Douglas Overbey, United States Attorney for the Eastern District of Tennessee, and responds to Defendant's Motion to Compel and/or Order Forensic Testing, filed as Document 24. This Court should deny the motion because there is no reason to believe the testing will lead to exculpatory evidence.

## FACTS

On August 7, 2020, Investigator Jeff Legault with the Johnson City Police Department stopped a white Ford truck as it was driving past 136 Princeton Road. The Defendant, Emory Q. Jackson, was in the passenger seat of the vehicle and Investigator Legault had knowledge that the Defendant had an outstanding warrant for his arrest for shoplifting and criminal trespass. Investigator Legault made contact with the driver of the vehicle, who stated she was going to get tires for her vehicle. Investigator Legault had the driver exit the vehicle and asked for consent to search her vehicle. The driver gave Investigator Legault permission to search the vehicle.

While searching the vehicle, Investigator Legault had the Defendant step out of the vehicle and patted him down for officer safety. Nothing was located. Investigator Legault then

searched the truck and located an RG revolver in the center console that had two rounds of ammo and one spent casing in it. Investigator Legault asked the driver about the gun and she stated that it was not hers. The driver's criminal history was pulled and it was determined that she was not a convicted felon. She advised Investigator Legault that she when she picked up the Defendant, he had pulled the firearm out of his back pocket, and then placed it in the center console while he was in the vehicle.

The Defendant's criminal history was pulled and it was confirmed that he is a convicted felon, with a previous conviction for felony failure to appear out of Washington County, Tennessee, case number 2018-CR-43922. The Defendant was subsequently placed under arrest and transported to headquarters to be interviewed. He was advised of his rights, and gave a statement to officers. The Defendant denied owning the revolver, but stated that he knew the firearm was in the vehicle.

## ARGUMENT.

The Defendant requests testing of a firearm for fingerprints and DNA pursuant to Rule 16 of the Federal Rules of Criminal Procedure and *Brady v Maryland,* 373 U.S. 83 (1963).

F.R.C.P. 16(F) states; upon a defendant's request, the government must permit a defendant to inspect and to copy or photograph the results or reports of any physical or mental examination and of any scientific test or experiment if:

(i) The item is within the government's possession, custody, or control;

(ii) The attorney for the government knows-or through due diligence could know-that the item exists; and

(iii) The item is material to preparing the defense or the government intends to use the item in its case-in-chief at trial.

The United States would note that no test have been performed, therefore F. R. C. P. Rule 16 does not apply to this request. Rule 16 is a rule of discovery, not a mechanism to compel the Unites States to conduct testing for the Defendant. The government does not intend to use any forensic evidence to prove the case. The driver of the car stated to Investigator Legault that the firearm was not hers, and is willing to testify to that fact. Furthermore, after being *Mirandized*, the Defendant admitted that he had knowledge of the gun in the vehicle, even if he still denied that it was his.

Under *Arizona v. Youngblood*, the police are not required to forensically test evidence. 488 U.S. 51, 58-59 (1988). The court in *Youngblood* discussed a hypothetical DUI case in which the police fail to conduct breathalyzer testing, and held that, "the defendant is free to argue to the finder of act that a breathalyzer test might have been exculpatory, but the police do not have a constitutional duty to perform any particular test." *Id*. at 59.

The Defendant also asks for testing based on *Brady v. Maryland.* The United States does not understand how testing the firearm could be exculpatory to the defendant. Currently we have no DNA or fingerprint evidence. The results of the testing can only lead to two possible outcomes; no evidence will be recovered, which is our current status, or DNA or fingerprints of the defendant will be recovered which will further tie the defendant to the firearm. No results possible will provide the defendant with evidence to prove he did not commit the crime.

Furthermore, the TBI lab disfavors testing of firearms for fingerprints and DNA because they typically do not identify prints. The tests are costly and would likely take 3-4 months even under an expedited schedule. The Court has discretion to order testing on behalf of the defendant, but given the foregoing it seems unlikely that the testing would produce exculpatory evidence. However, if the court believes for any reason the request should be granted, the

United States is willing to submit the firearm for testing at the FBI lab.

## CONCLUSION

Based upon the foregoing, the Defendant's argument is without merit. Therefore, the United States submits that the Defendant's Motion to Compel and/or Order Forensic Testing.

Respectfully submitted this the 6th day of October, 2020.

J. DOUGLAS OVERBEY

United States Attorney

By:   s/ **KATERI L. DAHL**

KATERI L. DAHL
Special Assistant U.S. Attorney
DC BAR: 888241224
220 West Depot Street, Ste. 423
Greeneville, TN 37743
kat.dahl@usdoj.gov
(423) 639-6759

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of October, 2020, a true and accurate copy of the foregoing Response was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular United States mail. Parties may access this filing through the Court's electronic filing system.

                                                s/ ***KATERI L. DAHL***

                                                KATERI L. DAHL
                                                Special Assistant U.S. Attorney
                                                DC BAR: 888241224
                                                220 West Depot Street, Ste. 423
                                                Greeneville, TN  37743
                                                kat.dahl@usdoj.gov
                                                (423) 639-6759